UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD MADRID,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>METRO POLICE DEPARTMENT, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:16-cv-02995-APG-NJK<br><br>ORDER |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff submitted a complaint. Docket No. 1-2.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

1  complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's complaint purports to allege an action pursuant to Title 42, United States Code, Section 1983, against the Las Vegas Metropolitan Police Department and Tina Villarreal. *See* Docket No. 1-2. The complaint, however, fails to state which civil rights Plaintiff alleges to have been violated, fails to state a claim against Defendant Villarreal at all, and lacks a "short and plain statement of the claim" showing that Plaintiff is entitled to relief. *See Twombly*, 550 U.S. at 555. To state a claim under 42 U.S.C. § 1983, a plaintiff must plead that a defendant, "acting under color of state law, caused the deprivation of a federal right." *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012) (internal citation omitted). Here, Plaintiff fails to state the specific federal right allegedly infringed and, therefore, his cause of action fails to state a claim under § 1983.

1    Further, the two named defendants are the Las Vegas Metropolitan Police Department, and
2    Tina Villarreal, whom Plaintiff identifies solely as a neighbor. Docket No. 1-2. The Ninth Circuit
3    has held that, pursuant to Federal Rule of Civil Procedure 17(b), state law determines the issue of
4    whether a department of a municipality may sue or be sued. *See, e.g., Streit v. County of Los Angeles*,
5    236 F.3d 552, 565 (9th Cir.2001). The Las Vegas Metropolitan Police Department is a department
6    of the City of Las Vegas and, "[i]n the absence of statutory authorization, a department of the
7    municipal government may not, in the departmental name, sue or be sued." *Wayment v. Holmes*, 912
8    P.2d 816, 819 (Nev.1996) (citing 64 C.J.S Municipal Corporations § 2195 (1950)); *see Schneider*
9    *v. Elko Cnty. Sheriff's Dep't*, 17 F.Supp.2d 1162, 1165 (D.Nev.1998). *See also Wallace v. City of*
10   *North Las Vegas*, 2011 WL 2971241, *1 (D.Nev. 2011) ("Plaintiffs have not identified any statutory
11   authority that permits the Department to be sued, and the court is unaware of any such authority");
12   *Cerros v. North Las Vegas Police Department*, 2008 WL 608641, *9 (D.Nev. 2008) ("Nevada does
13   not grant authorization of a police department to sue or be sued").

14   Additionally, Plaintiff has failed to allege that Defendant Villarreal acted under color of state
15   law. In order to prevail in a § 1983 action, a plaintiff must demonstrate two elements: (1) the
16   complainant has been deprived of a right "secured by the Constitution and the laws" of the United
17   States, and (2) the action complained of was committed by a person acting under color of state law.
18   *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156-57 (1978). As a general matter, it is presumed that
19   private parties are not acting under color of state law for purposes of § 1983. *See Simmons v.*
20   *Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (plaintiff's allegations
21   insufficient to establish that a private party is a state actor under § 1983); *see also Kirtley v. Rainey*,
22   326 F.3d 1088, 1092 (9th Cir. 2003) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Simply put, no
23   right to be free from the infliction of constitutional deprivations by private individuals or entities
24   exists. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

25   Accordingly, the complaint fails to state a claim on which relief can be granted.
26   . . . .
27   . . . .
28   . . . .

### III.   Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **February 8, 2017**, to file an Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

DATED: January 9, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge